-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT MCCULLOUGH,

        Petitioner,

     -v-                                     03-CV-0085Sc(Consent)

                                                      ORDER[1]

FLOYD BENNET,

        Respondent.

---

On March 11, 2003, petitioner, acting *pro se*, filed an amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Docket No. 3).  The amended petition raises the following grounds for relief: (1) prosecutorial misconduct based upon prosecutor's alleged direction to the sole witness who refused to testify to appear in his office instead of court pursuant to a trial subpoena; (2) ineffective assistance of trial counsel based on counsel's failure to (a) interview a potential alibi witness and call that witness to testify, (b) failure to interview an eyewitness for purposes of a pre-trial hearing, (c) object to a N.Y.C.P.L. §710.30 notice, and (d) participate in a "<u>Hellenbrandt</u>" Hearing; and (3) ineffective assistance of appellate counsel based on said counsel's failure to raise trial counsel's ineffectiveness on appeal.  (Docket No. 3).

---

[1]The parties, pursuant to 28 U.S.C. § 636(c), have consented to have the undersigned conduct all further proceedings in this matter, including entry of final judgment.  (Docket No. 9).

On March 20, 2003, respondent filed an answer and memorandum of law in opposition to the amended petition, asserting that petitioner's first and second grounds for relief should be denied on the merits and that petitioner failed to exhaust the third ground for relief. (Docket No. 7). On December 6, 2004, petitioner filed, with leave of Court, an "amendment to memorandum of law" (Docket No. 15), which further addressed his claim that his trial counsel was ineffective for neglecting to object to the prosecutor's failure to provide a §710.30 notice with respect to petitioner's statement during a "show up." In the amendment, petitioner claimed that prejudice should be presumed and that he was in fact prejudiced by the admission of the statement made during the show up. (Docket No. 15).

The respondent argues that petitioner failed to raise the issue relating to the §710.30 notice in his request for leave to appeal to the New York Court of Appeals and is procedurally barred from doing so now. The respondent also asserts that the state court's determination that the failure to provide the §710.30 notice was harmless is a matter of state law and beyond federal habeas review. Finally, the respondent argues that petitioner's counsel's failure to preserve the §710.30 issue for appeal by objecting did not rise to the ineffective assistance of counsel under the standards articulated in Strickland v. Washington, 466 U.S. 668 (1984).

On May 6, 2005, petitioner filed a motion to stay his amended petition so that he could return to state court and file a N.Y.C.P.L. § 440.10 motion raising the following claims: (1) ineffective assistance of counsel for failing to protect his Fifth Amendment right against self-incrimination; and (2) counsel failed to object to an alleged statement which prejudiced the defendant. (Docket No. 19, Affidavit in Support of Motion for an Application for a Stay, ¶ 8). Petitioner may be seeking to raise the underlying claim under the Fifth Amendment right not to

incriminate himself, however, the claims are still couched in language reflective of an ineffective assistance of counsel claim.[2]

For the reasons set forth below, petitioner's motion for a stay is denied without prejudice to re-filing upon an adequate showing, pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1534, 161 L. Ed. 2d 440, 450 (2005), that (1) there is good cause for petitioner's failure to exhaust the claims he now wishes to pursue in state court, (2) that said claims relate back to the claims originally pled in the petition and amended petition, see Mayle v. Felix, — U.S. —, 125 S. Ct. 2562; 162 L. Ed. 2d 582 (2005) and (3) that said claims are not plainly meritless.

In Rhines, the United States Supreme Court directly addressed the stay and abeyance approach that had been utilized by a number of Circuits, including the Second, see Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), cert. denied sub. nom. Fischer v. Zarvela, 536 U.S. 925 (2001), which allowed a district court to exercise its discretion to stay proceedings with respect to a petitioner's exhausted claims, and to dismiss without prejudice the unexhausted claims, so that the petitioner could return to state court in order to exhaust the unexhausted claims and then return to the district court to reinstate the previously dismissed claims. Id. at 381-82. The Supreme Court approved the stay and abeyance approach but limited its use to those situations where there was a showing of "good cause" for the petitioner's failure to previously exhaust the claims in state court and that the unexhausted claims are not "plainly meritless." Rhines, 125 S.Ct. at 1535. See also Faden v. Annetts, 05 Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LE0XIS 14910, at *2 (S.D.N.Y. July 26, 205) (denying request for stay without prejudice to renew upon a

---

[2] It appears that petitioner, by seeking a stay, may be responding to the assertion that petitioner did not raise the underlying § 710.30 issue on his request for leave to appeal to the New York Court of Appeals and therefore did not exhaust his state court remedies with respect to that issue.

showing of (1) good cause for petitioner's failure to exhaust the new claims, (2) that the claims either relate back to the originally pled claims, or petitioner was not able to raise the new claims in the original petition, and (3) that the new claims are "potentially meritorious" on federal habeas corpus review).  The Court summarized its holding by stating that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 125 S.Ct. at 1535.

In the instant matter, petitioner has failed to sufficiently address the criteria for the granting of a stay as set forth in Rhines.  Petitioner simply raises the two claims that he now wishes to exhaust, and asks the Court to stay the petition to allow him to go back to state court to exhaust those claims.  (Docket No. 19).  Petitioner offers no justification for why he did not previously exhaust the claims before filing his petition in this Court and provides nothing in support of said claims which would allow the Court to make a determination as to whether the claims are or are not "plainly meritless."  Additionally, petitioner has not established that the claims he now seeks to exhaust are not barred by the statute of limitations, 28 U.S.C. § 2244(d)(1), because they "relate back" to the claims pled in the amended petition.  *See* Fed.R.Civ.P. 15(a); Mayle, — U.S. —, 125 S. Ct. at 2571-73; 162 L. Ed. 2d 582 ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

Without a showing of both "good cause," *see* Fernandez v. Artuz, 00 Civ. 7601 (KMW) (AJP), 2006 U.S. Dist. LEXIS 1316 (S.D.N.Y. Jan. 18, 2006) (noting the lack of guidance as to a definition of "good cause" under Rhines and concluding that good cause should be less stringent than the "cause" required to overcome a procedural bar and that petitioner was entitled to a stay because he did not engage in intentionally dilatory tactics, his request for a stay was filed prior to Rhines and his unexhausted claims are potentially meritorious), and that the new claims are not "plainly meritless," petitioner's request for a stay of these proceedings must be denied without prejudice.

Accordingly, petitioner's motion (Docket No. 19) to stay these proceedings is **DENIED** without prejudice to re-filing upon an adequate showing pursuant to Rhines, 125 S.Ct. at 1535 that (1) there is good cause for petitioner's failure to exhaust the claims he now wishes to raise in state court, (2) that he did not intentionally engage in dilatory litigation tactics, and (3) that the two "claims" he wishes to exhaust are not plainly meritless.  Petitioner must also establish in any renewed motion for a stay that two claims he now wishes to exhaust relate back to the claims originally pled in the amended petition, or that petitioner was not able to raise said claims in the amended petition.  Any renewed motion to stay these proceedings must be filed no later than **30 days** after petitioner's receipt of this Order.  Any motion for a stay filed after that time period will be denied, unless petitioner can establish good cause for his failure to file a renewed motion for a stay within 30 days.  Petitioner must also serve his renewed request for a stay on counsel for respondent.  Fed.R.Civ.P. 5(a).  If petitioner does not file a renewed motion for a stay, the Court will proceed to adjudicate the claims raised in the amended petition.

Following receipt of petitioner's renewed motion for a stay, if any, respondent shall, within **30 days of receipt** of said motion, file and serve a response to said motion. Petitioner may, within **10 days of receipt** of respondent's reply to the renewed motion for a stay, file and serve a reply to respondent's response.

So Ordered.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Hugh B. Scott
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　　Western District of New York

Buffalo, New York
March 30, 2006